THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JULIAN, Also Known as CASTRO RAMOS, Appellant.

First Department, October 12, 1976

*Diana A. Steele* of counsel *(William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*Jane Deutscher* of counsel *(Robert M. Pitler* with her on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

*Per Curiam.* Defendant appeals from a judgment convicting him, upon his plea of guilty following denial of his suppression motion, of possession of a weapon as a felony and sentencing him to a term of from 1⅓ to 4 years, such sentence to run consecutively to a 3- to 8-year sentence imposed under an unrelated indictment. For the reasons hereinbelow stated we believe such conviction cannot be sustained since it rests solely on evidence obtained following an unlawful seizure and search.

At approximately 3:00 P.M. on May 24, 1972, a police sergeant and a patrolman were in their patrol car at the intersection of Lexington Avenue and 119th Street waiting for a traffic light to change when the sergeant saw defendant (who was standing adjacent to a building some 50 to 60 feet away) lift his leg onto the stoop of a building, reach down and remove a package from his sock, open the package and remove something therefrom and then close the package and replace it in his sock.

Since this was allegedly an area of high narcotic density the officers, suspecting that defendant's secreted package contained drugs, pulled their car up to the curb near where the defendant was standing. The sergeant called appellant over to the vehicle and the patrolman-driver left the vehicle and stationed himself slightly behind the defendant.

According to the officers, defendant, upon inquiry, denied possessing anything in his sock. However, as he spoke, defendant gestured and the officers observed an orange or pinkish pill in his left palm which they recognized as a methadone tablet. Defendant admitted possessing methadone and claimed that he was enrolled in an authorized program. However, he was unable to produce an identification card.

The sergeant then exited the vehicle and bent down towards defendant's sock. Defendant assertedly then backed away and turned slightly. Such movement caused defendant's jacket to open, enabling the patrolman to observe a gun in the waistband of defendant's trousers. Defendant was then seized. A later search produced a cigarette package in defendant's sock containing ½-tablet of methadone and 11 amphetamine capsules; and 10 glassine envelopes containing heroin were found in a pants pocket.

Since the search cannot be validated by its results *(People v Scott D.,* 34 NY2d 483), we "must consider first the legality of the initial encounter". *(People v De Bour,* 40 NY2d 210, 215.)

In our view the underlying facts presented here are more analogous to the situation in *People v Cantor* (36 NY2d 106), than in *People v De Bour (supra).*

Unlike *De Bour,* the encounter in the instant case took place in midafternoon on a crowded street and not after midnight on an avenue devoid of pedestrian traffic. Moreover, defendant made no conspicuous attempt to avoid the officers. The only thing he was observed doing was removing an object

from his sock. The officers admittedly did not see what was in the package, nor did they present any other evidence to support a founded suspicion that defendant was engaging in criminal activity.

Finally, the conduct of the officers in the case at bar went beyond the informal inquiry found permissible under the circumstances presented in *De Bour.* When defendant was called over to the patrol car he was immediately surrounded and his liberty of movement significantly interrupted. (Cf. *People v Cantor, supra.)*

In light of the foregoing, the judgment of Supreme Court, New York County (GOODMAN, J.), rendered November 27, 1973, should be reversed, on the law, and vacated, the order of said court (MYERS, J.), entered on March 20, 1973, denying defendant's motion to suppress physical evidence should be reversed, on the law, and granted and the indictment dismissed.

MARKEWICH, J. P., MURPHY, BIRNS, SILVERMAN and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, rendered on November 27, 1973, unanimously reversed, on the law, and vacated, and the order of said court, entered on March 20, 1973, denying defendant's motion to suppress physical evidence, unanimously reversed, on the law, and granted and the indictment dismissed.